# EXHIBIT A

## FLSA SETTLEMENT AGREEMENT AND RELEASE

**THIS FLSA SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is executed as of this _16_ day of October, 2017, and is made by and between **WILLIE BREZIAL** ("BREZIAL") and **ARCSTREAM, INC.** ("ARCSTREAM") and **KEVIN GAULT** ("GAULT") (together with Arcstream, "Defendants"), herein after collectively referred to as "the Parties."

### RECITALS

**A.**     Brezial filed a lawsuit in the United States District Court for the Middle District of Georgia, Macon Division, styled *Willie Brezial v. Arcstream, Inc. and Kevin Gault,* Case No. 5:17-cv-00155-LJA ("Civil Action"), alleging that Defendants failed to pay him overtime compensation in violation of the Fair Labor Standards Act ("FLSA");

**B.**     Defendants deny that they have any liability to Brezial in connection with the allegations raised in the Civil Action or under any other applicable federal, state, or local law;

**C.**     The Parties have negotiated a settlement in good faith and are entering into this Agreement for the purposes of settling, compromising and resolving any and all claims Brezial brought or could have brought against Defendants in the Civil Action;

**D.**     Brezial acknowledges that he has consulted with his attorneys at Keegan Law Firm, LLC, and has been fully informed about the terms and conditions of this Agreement by his attorneys at Keegan Law Firm, LLC.  After carefully considering this Agreement, Brezial has elected to participate in the settlement and to execute this Agreement.  By executing this Agreement, Brezial understands the terms and conditions of this Agreement, knows that he is giving up important rights, has elected to participate in the settlement, signed the Agreement knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Brezial further represents and warrants that he has not relied on any inducements, promises, or representations the Defendants or any other person, other than the terms and conditions set forth in this Agreement; and

**E.**     The Parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties expressly, knowingly and voluntarily agree as follows:

**1.**     **Settlement Funds.**  Without admitting any liability, Defendants have offered to pay, and Brezial has agreed to accept from Defendants, the total sum of $36,000.00 (the "Settlement Payment") in full settlement and satisfaction of any claims Brezial brought or could have brought against Defendants in this Civil Action, including, but not limited to, claims by Brezial for attorneys' fees and costs.

2.   **Judicial Approval of Settlement and Dismissal of Civil Action.**  Within ten (10) business days after Defendants receive a copy of this Agreement executed by Brezial, the Parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement and dismissal of the Civil Action.  The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Brezial's Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendants do not oppose and agree not to oppose the amount (or the reasonableness of the amount) of Brezial's attorneys' fees to be paid to Brezial's counsel out of the total Settlement Payment.

3.   **Payment of Settlement Funds.**

Within ten (10) business days of the Court's order granting the Parties' Joint Motion for Settlement Approval, Defendants shall pay or cause to be paid the Settlement Payment, which shall be disbursed by checks made payable as follows:

**WILLIE BREZIAL :**  $21,000.00, payable to Brezial, in satisfaction of any claims by Brezial brought or could have brought in this Civil Action against Defendants or any of the Released Parties (defined below).  Arcstream shall issue a 1099 to Brezial for said amount using a W-9 supplied by Brezial.

**KEEGAN LAW FIRM, LLC:**  $15,000.00, payable to Keegan Law Firm LLC, in satisfaction of any claim by Brezial or his attorneys against Defendants or any of the Released Parties (defined below) for an award of attorneys' fees and costs in connection with the Civil Action, which shall be payable  by separate check without any deduction for any taxes or other withholdings (the "1099 fee payment").  The 1099 fee payment shall be processed by 1099 issued to Brezial's Counsel using a W-9 for Keegan Law Firm, LLC, and reported in Box #14 on IRS Form 1099-MISC.  The settlement amounts paid to Brezial's Counsel for fees and costs constitute payment of Brezial's attorneys' fees and costs on all claims under the FLSA and therefore are within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code.

4.   **Brezial's Release of Defendants.**  In exchange for the settlement described in this Agreement and Defendants' payment of the Settlement Payment, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Brezial, his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Gault and Arcstream; as well as Arcstream's parents, subsidiaries, affiliates, successors, assigns; its past and present employees, managers, directors, shareholders, attorneys, insurers, representatives  and agents; and all related parties (the "Released Parties"), from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, which he may now have against them, either individually, jointly, or severally, expressly limited to only his individual claims under the FLSA or state or local wage and hour laws for payment of hours worked up to the date of this Agreement (including, but not limited to, any claims for unpaid minimum wage, unpaid overtime compensation, or improper deductions from compensation

under the FLSA or state or local wage and hour laws), all liquidated damages that Brezial may be entitled to under the FLSA or state or local wage and hour laws related to payment for hours worked up to the date of this Agreement, and any other award, recovery, damages or compensation that Brezial may be entitled to under the FLSA or state or local wage and hour laws related to payment for hours worked up to the date of this Agreement, and it is expressly agreed that Brezial is not releasing any other claims in this Agreement, and that this release shall not have res judicata or collateral estoppel effect on any claims not expressly released in this Agreement.

     5.    **Employee Status.** Nothing herein shall constitute an admission by Defendants that Brezial was an employee of Arcstream for purposes of state or federal law. The Parties will refrain from taking any legal, administrative, or other actions in connection with the employment status of Brezial.

     6.    **References and Anti-Retaliation.** Defendants are aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act and agree to comply. Defendants agree to respond to any inquiries regarding Brezial by providing only a neutral reference stating his dates of engagement, and Defendants agree not to disclose the fact of the Civil Action or settlement of Brezial's claims in response to any inquiries and will not make any reference to eligibility or ineligibility for hire. Defendants shall instruct their management and/or supervisory representatives not to respond to any inquiries concerning Brezial and to direct such inquiries to Amber Jerman in Arctream's corporate headquarters in Orlando, Florida.

     7.    **Indemnification.** Brezial agrees to indemnify and hold harmless Defendants from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority relating to taxes for which Brezial is responsible in connection with the Settlement Payment set forth in Paragraph 1. Brezial further agrees to indemnify and hold harmless Defendants from any claims of any attorney or law firm purporting to represent or to have represented Brezial in any dispute with Defendants. This indemnification includes any attorneys' fees and costs incurred by Defendants related to such dispute.

     8.    **No Admission of Liability.** Brezial understands that Defendants admit no liability with respect to any claim related to or arising out of his association with Defendants or any other matters. Defendants expressly deny liability for any and all claims asserted by Brezial, and the Parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

     9.    **Enforcement.** Any party shall have the right specifically to enforce this Agreement, except for provisions which subsequently may be held invalid or unenforceable.

     10.    **Severability and Survival.** If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

     11.    **Applicable Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, as they are applied to contracts made and to be

611498798.2

wholly performed in Georgia, regardless of choice of law principles to the contrary and regardless of whether any party is, or may hereafter be, a resident of another state.

14. 12.   **Venue.**  The Parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the state or federal courts located within Macon-Bibb County, Georgia over any claims arising under or relating to this Agreement.  In addition, the Parties waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum *non conveniens*, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.

13.   **Non-Assignment of Claims or Causes of Action.**  This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.  Moreover, Brezial warrants and represents that he has made no assignment of the claims, demands or causes of action released herein.

14.   **Authorship.**  The Parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

15.   **When Agreement Becomes Effective; Execution in Counterparts.**  This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein.  The Parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

16.   **Recitals.**  The recitals are incorporated by reference.

17.   **Entire Agreement.**  This Agreement contains the entire agreement between the Parties concerning the subject matter herein and supersedes any prior agreements, representations, or statements of any party.

611498798.2

NOW, THEREFORE, the Parties have executed this Agreement freely and voluntarily, as of the date first above written.

Dated this ___16___ day of October, 2017.

_____
WILLIE BREZIAL

ARCSTREAM, INC.

By: Kevin Gault
Its: President

_____
KEVIN GAULT

611498798.2